· SHAW'S SYNDIC *vs.* NEWTON ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

There cannot be a pledge without a notarial act, or an act *sous seing privé*, duly recorded.

The facts are stated in the opinion of the court, delivered by *Martin, J.*

The plaintiff claims a piano, part of the estate surrendered, in the possession of the defendants, who pleaded the general issue. There was a verdict and judgment against them, and they appealed.

The appellees relied on the appellee's receipt in the following words : " Received from Mr. J. Shaw, a piano, valued at four hundred and fifty dollars, to be returned to him on the payment of three hundred and fifty dollars. June 2d, 1830 ;" and the appellants on a sale in the following words : " Messrs. P. S. Newton & Co. bought of J. Shaw, a piano : $450. Received payment, June 2d, 1830. J. Shaw." Shaw failed in August.

Grant deposed, that in May, 1830, the insolvent placed the piano in his hands for sale, and three or four days after he called and requested the deponent to deliver the piano to the appellants, to whom he had sold it, and the deponent gave his receipt therefor to the latter, by whose order he afterwards delivered it to a lady. The value of the piano was proved.

At the trial, the appellant's counsel took a bill of exception to the charge of the District Court, in instructing the jury there was no privilege on the piano, or a pledge, because there was neither a notarial act, nor a private one duly recorded, and the vendors could not claim, as such, without showing actual payment, made at the time, as the sale took place within three months, before the vendor's failure.

It appears to us the charge was correct ( *Civil Code*, 3125,) and the verdict according to law and evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.