JEAN FRANÇOIS LAVILLE  *v.*  PIERRE ADOLPHE HÉBRARD and
another.

The proceeding under the 13th section of the act of the 20th of March, 1839, authoriz-
ing a plaintiff to propound interrogatories to third persons touching any property in
their possession belonging to the defendant, or any debt which they may owe to
the latter, was intended to enable the plaintiff to get at property belonging to the
defendant, in the possession of third persons; but it cannot be used as a substitute
for a direct revocatory action, the object of which is to test the validity of titles to
property in the possession of such third persons.    The latter cannot be deprived,
by such a proceeding, of any advantage, or means of defence, they would have in
a direct action against them.

Art. 1988, declaring that a creditor cannot sue to annul a contract made before the
time when his debt accrued, applies to contracts apparently complete and regu-
larly carried into effect by the debtor, and does not extend to cases where the latter
has never been out of possession of the property pretended to have been sold, and
where third persons have treated with him on the faith of his being the owner of
the property so found in his possession.

Facts, appearing from interrogatories which a party had no right to propound, will
not be noticed.

APPEAL from the District Court of the First District, *Bucha-
nan,* J.

*Pepin,* for the plaintiff.

*Benjamin,* for the defendants.

MORPHY, J.   This suit comes before us under circumstances,
nearly, if not entirely analogous to those of *Samory* v. *Hébrard et
al.,* reported in 17 La., 555.  The plaintiffs having obtained against
François Lafargue two judgments, bearing date the 13th of Janu-
ary, and the 1st of May, 1838, applied for writs of *fieri facias,* and
proceeded, under the thirteenth section of the statute of 1839, to

garnishee Pierre Adolphe Hébrard, and Antoine Hébrard. He propounded to them interrogatories on the 2d of January, 1840, tending to shów the simulation of certain sales executed to them by F. Lafargue, before F. Grima, notary public, on the 18th of March, 1837. The garnishees excepted to these interrogatories on the ground, that this proceeding on the part of the plaintiff was, in substance, the exercise of a revocatory action to divest them of their title, and that his right of action, if any he ever had, was prescribed by his own showing. This exception, and plea having been sustained by the inferior judge, the plaintiff appealed.

In the case above referred to, we said, that ' the proceeding under the act of 1839, was intended to get at property in the possession of third persons belonging to a defendant; but it cannot be used as a substitute for a direct revocatory action, the object of which is to test the validity of titles to property in such third persons. By such a proceeding, the latter cannot be deprived of any means of defence, or advantages they would have in a direct action brought against them.' It is clear, that had plaintiff brought a direct revocatory action, in the present instance, to annul or revoke the sales made on the 18th of March, 1837, he would have been successfully met by the plea of prescription, because such sales were passed nearly three years before the institution of his suit, and more than twelve months after the date of his judgment. Civ. Code, arts. 1982, 1989. On the authority of the case of *Thibodeaux* v. *Thomasson et al.*, reported in 17 La., 353, it has been strenuously contended, that the prescription established by these articles of the Civil Code, should not bar the plaintiff's right to have these sales annulled. The case relied on refers to a different provision of the Code, and to a state of facts not presented in this case. It decides that article 1988, which refuses the revocatory action to a creditor whose debt has accrued after the contract sought to be annulled, applies to contracts apparently complete, and regularly carried into effect by the debtor; but that it does not extend to the case where the debtor has never ceased to be in the possession of the property apparently sold, and where third persons have treated with him, on the faith of his being the owner of the property they found in his corporal possession. It may be, that on such a case being presented to us, under proper allegations, and in a proper

form, we might make the same distinction, and refuse to apply the prescription of one year. In the case before us, the plaintiff himself alleges that the Hébrards have the property in their possession, and under their control. He seeks, moreover, to maintain a revocatory action, in a form not, in our opinion, authorized by law. We cannot notice any facts that may appear from interrogatories, which he had no right to propound.

*Judgment affirmed.*