### JOHN TAYLOR and others v. E. WHITTEMORE and others.

The proceeding under sect. 15 of the act of 20 March, 1839, authorizing a plaintiff to propound interrogatories to third persons, touching any property in their possession belonging to the defendant, or any debt which they may owe to the latter, cannot be used as a substitute for a direct revocatory action, the object of which is to test the validity of titles to property in the possession of such third persons. The latter cannot be deprived, by such a proceeding. of any advantage or means of defence they would have in a direct action against them.

A contract made in good faith cannot be annulled, though it prove injurious to creditors; nor can a contract, though made in bad faith, be rescinded, unless it operate to their injury. C. C. 1973.

A third person, not a creditor, having advanced money to defendants, at an usurious interest, on certain articles held as security for its re-payment, which advances were applied to the benefit of the creditors of the latter, on a seizure by plaintiffs under an execution against defendants, Held: that such third person ought to lose the usurious interest exacted by him; and that the difference between the sum advanced and the real value of the articles, is all that was liable to seizure.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J. The plaintiffs having recovered a judgment against Whittemore and others, took out process of garnishment, according to the act of 1839, against various persons, and among others, Charles, the appellant in this case, to whom they propounded interrogatories touching any property which he might have received, or taken into possession belonging to the defendants; and interrogated him whether he had purchased any property from them, with an understanding that on the re-payment of the purchase money it should be restored, and whether he had in his possession or under his control any property on which he had loaned or advanced money; and whether he was now, or on any contingency would be indebted to the defendants in any sum.

The garnishee answered: *First*, that at various times previous to the 1st of April, 1841, he had had possession of property and effects belonging to the defendants, as he supposed and believed, which had been returned previously to the 1st of June, 1841, and that at the time of the service of garnishment, he had nothing in his possession or under his control belonging to the defendants. *Secondly*, that since the 9th of April, 1841, he has purchased goods of the defendants, for which he paid in cash at the time of their

delivery, agreeing that they should have the privilege of re-pur-
chasing the same within a fixed period, which time had expired
before the service of the notice of seizure; and that the property
thus .purchased had become the absolute property of the respond-
ent. The other interrogatories were negatived; but it is unneces-
sary to repeat the answers, as the case turns upon those already
set forth.

The plaintiffs, thereupon, put in a formal exception to the an-
swers of the garnishee, to wit, that the answers do not state. the
invoice value of the goods referred to, nor contain any description
thereof, nor statement of the time at which they were delivered.
The garnishee then filed a supplemental answer, to which he an-
nexed receipts of Whittemore for the price of a number of watches
at fifty dollars each; and he makes oath that he purchased them
at a fair price, and that the purchase money was paid in hand;
that most of the watches were second hand and out of order, and
that he has disposed of a part of them for a small advance; and
that the balance remain in his possession.

The plaintiffs next filed a paper, in which they take issue on
the answer filed by the garnishee. They charge that he does not
truly set forth the title by which he acquired, and continues to hold
the property in question. They aver that it was put into his pos-
session under a contract of loan, and was intended as a security
for a loan of money made by said garnishee, and they deny that
there was any legal sale. They charge that the property was
deposited with the garnishee at different times, and that corres-
ponding loans were made by the garnishee; that notes were given
by E. and H. Whittemore, or others of the defendants, at the time
they received the money, and at a heavy discount. That the notes
were received from time to time, and the discount added or paid
in cash; and that the property has never ceased to be that of
the defendants.

They, therefore, pray that Charles, the garnishee, be cited and
condemned to deliver to the sheriff said property, within ten days.
Citation issued to the garnishee, Charles. Without any further
answers the cause was tried; and the court being of opinion that
there was no real sale, but a pledge not in legal form, and there-
fore wholly void, condemned the garnishee to account for the

watches at the rate of $50 each, without any allowance for what he had advanced; and he has appealed.

*Hoffman,* for the plaintiffs. The testimony proves that there was no sale. The law relative to sales subject to a right of redemption, does not apply to moveable property. See Civ. Code, 3125. *Williams et al.* v. *Schooner St. Stephens,* 1 Mart. N. S. 417. *Canizo's Syndics* v. *Cuadra,* 2 La. 459. *Shaw's Syndic* v. *Newton et al.,* 3 La. 528. The plaintiffs' right to seize is not affected by evidence showing that the advances made by Charles were applied to the use of the creditors.

*Kennicott,* and *Roselius,* for the appellant.

BULLARD, J. The statute which authorizes this proceeding declares, that the third person cited as garnishee shall be bound to answer in the same manner, and shall be liable in the same manner for his neglect or refusal to answer, and that his answers may be disproved in the same manner as those of garnishees. The Code of Practice, which regulates the proceedings against garnishees, authorizes the answers to be disproved in the same manner as when interrogatories upon facts and articles have been propounded. In the present case something more was done. The plaintiffs have succeeded in annulling a contract between the original defendants and the garnishee, without proving that such contract was injurious to them, as they would have been compelled to do in a direct revocatory action. Under this statute we held, in the case of *Samory* v. *Hébrard et al.,* that it could not be used as a substitute for a direct revocatory action, the object of which is to test the titles to property in such third persons; and that by such a proceeding the latter cannot be deprived of any means of defence or advantages which they would have in a direct action brought against them. 17 La. 555.*

The Code has provided ample remedies in all cases where creditors have been defrauded, or injured by the contracts of their debtors; and the principles which are to guide the courts are laid down clearly. The general principle is announced that contracts made in good faith cannot be annulled, although they prove injurious to the creditors; and although made in bad faith, that they

---

* See also *Laville* v. *Hébrard,* 1 Rob. 435.

cannot be rescinded, unless they operate to their injury.    Civ. C. 1973.

Even admitting that the answers have been disproved, so far as relates to the validity of the garnishee's title to the watches as purchaser, and that they were in truth held as security for money advanced on an usurious contract, it does not follow that Charles ought to lose any thing more than the exorbitant interest which was exacted.    The judgment condemns him to lose the whole sum advanced, upon the authority of *Saul* v.  *His Creditors, Astor, intervenor*.    The latter had advanced money upon an act of pledge of bank stock.    The act was not authentic, and the privilege as pledgee was denied him; but he was allowed to come in as a simple creditor.    5 Mart. N. S. 569.    There was, therefore, in our opinion, error in compelling the defendant to account for the watches at the price at which they were received in pawn, without allowing any thing for what had been advanced on them, especially as that advance is shown to have gone to the benefit of the defendants' creditors, and Charles himself is not shown to have been a creditor.    At most, the difference between the sum advanced and the real value of the watches, should be held to belong to the defendants, and liable to be seized.    This view of the subject renders it useless to examine the bill of exceptions relating to the competency of certain witnesses.

The judgment of the Commercial Court is, therefore, reversed; and it is further decreed that there be judgment for the garnishee as in case of nonsuit, with costs in both courts.*

---

* *Hoffman*, for a re-hearing.    Objections to form must be made in the pleadings. No objection was made to the form of the proceedings in this case by Charles.    In the case cited, (*Samory* v. *Hébrard*,) there was an express exception to the form of the proceeding.    The court take for granted, the very question at issue.    It requires a resort to an action, only applicable to sales or contracts in fraud of creditors, when the very question at issue is, whether the property came into the possession of Charles under a contract of sale, or of pledge.    The evidence shows it was the last.    Again, the court says, that Charles was not a creditor.    Did not the loan make him one? Where interest is paid on money, is it not paid by the *debtor* to the creditor?    The advances by Charles gave him no privilege against plaintiffs, who acquired a preference by their seizure.    Defendants could not have claimed the property, without re-paying the advances made by Charles; *aliter*, as to plaintiffs.    C. C. 3125.    2 La. 459.    3 Ib. 528.    The deposit with Charles, though intended as a pledge, wants the formali-

ties required by law to give it effect against third persons. The court erred in deciding that the value of the articles, above the advances, is all that is liable to seizure. In the case cited, (*Saul* v. *His Creditors*,) the party who had made advances, was only allowed to come in as a simple creditor. No privilege was allowed to him. Such should be the decision here. Charles should be declared a simple creditor ; and the privilege allowed him revoked.

*Re-hearing refused.*