LEE
*v.*
CREDITORS.

---

## FLORANCE *v.* YORKE et al.

Plaintiff, who had applied for a *fi. fa.* against a defendant, propounded interrogatories to a third person under the provisions of sec. 13 of the stat. of 20 March, 1839, for the purpose of ascertaining whether he had in his possession any real or personal property belonging to defendant, or was in any manner indebted to him. The answers to these interrogatories were traversed, and a rule taken on the respondent to show cause why judgment should not be rendered against him for the amount of the plaintiff's claim. On the trial of the rule objection was made to proceeding until plaintiff declared in writing, specifically, what property he expected to prove to be in possession of the party interrogated; when the court ordered the plaintiff to specify "what *real estate or slaves*" he intended to prove to be in the hands of the party interrogated, belonging to the defendant. The specifications filed by plaintiff not being considered a compliance, on motion of the party interrogated, the proceedings were dismissed. On appeal: *Held*, that the only effect of the non-compliance with the order to specify, would be to exclude any evidence as to the subjects embraced by it —real estate and slaves; that in relation to personal property and debts, the order was inoperative; and that the proceedings should not have been dismissed.

Where one, to whom interrogatories are propounded under sec. 13 of the stat. of 20 March, 1839, for the purpose of ascertaining what property he may have in his possession belonging to a defendant against whom an execution has been taken out, objects to the mode of proceeding, he should make such objections appear by exception or plea.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Carter*, for the appellant. *Benjamin* and *Micou*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff having an execution against *Edward Yorke*, propounded interrogatories to *Joshua J. Hanna* and *Leonard Matthews*, under the 13th section of the act of March, 1839, which were annexed to a petition praying that they be cited to answer as garnishees. They answered, and their answers were traversed by the plaintiff, and a rule was granted by the court for the garnishees to show cause why judgment should not be entered against them, for the amount of the original judgment against *Yorke*. On the trial of this rule, after some testimony was offered for the plaintiff and admitted, an objection was made by the counsel for the garnishee against proceeding further until the plaintiff disclosed in writing the specific property which he expected to prove in the possession of the garnishees which belonged to the defendant; and thereupon the court made an order that, *the plaintiff put on file specifications*

FLORANCE  *of what real estate or slaves he intends to prove were in the hands of the garni-*
v.  *shees belonging to Edward Yorke.* The case was continued, and the plaintiff
YORKE.  filed a document which he contends was sufficient in law to apprise the gar-
nishees of the facts which he intended to establish in order to contradict the
answers of the garnishees. Additional specifications were afterwards filed to
the same effect. On another hearing, the judge being of opinion that the
plaintiff had not complied with the order of the court, on motion of the counsel
for the garnishees, dismissed the proceedings, and the plaintiff has appealed.

The interrogatories propounded to the garnishees were by no means con-
fined to real esate and slaves belonging to *Edward Yorke* in their possession,
but extended to every description of property, moveable and immovable; and
a direct interrogatory is put to them as to their indebtedness to *Yorke,* all of
which are negatived by their answers, and are covered by the traverse of the
plaintiff. The petition, interrogatories and specifications, under the case as be-
fore us, we must consider as one whole. There is no objection made to this
mode of proceeding on the part of the plaintiff by the garnishees, by plea or
otherwise, except as noticed. It is obvious that we have nothing before us,
except to determine on the sufficiency of the cause for dismissing the proceed-
ings, which the district judge has assigned. The only effect of the order
made by the judge, and its non-compliance on the part of the plaintiff, would
be to exclude the evidence as to those subjects which it embraced, to wit, real
estate and slaves. In relation to personal property and indebtedness the order
was inoperative. If the garnishees objected to this mode of proceeding, they
ought to have made it appear by exception or plea; and whatever conclusions
we might come to, were the question properly presented to us, we are under
the necessity of sending the case back, as we think there were no grounds for
dismissing the proceedings as they were dismissed, namely, on motion of the
counsel for the garnishees, on the ground that said *Florance* had not complied
with the order requiring him to file specifications, &c.

It is to be regretted that a case of this importance should be sent back on a
mere question of practice. This mode of reaching garnishees under the law
of 1839, has been sometimes practiced; and we think it incumbent on the gar-
nishees, in all cases where they object to it, to put their objections formally on
record. This was done in *Samory* v. *Hébrard,* 17 La. 559, and *Laville* v. *Hé-
brard,* 1 Rob. 435, in which cases the practice under this act was considered.

The judgment of the district court is therefore reversed, and the case re-
manded for further proceedings; the appellees paying costs.