WESTERN DIS.
October, 1832.

M'CRUMMEN
vs.
STEWART
ET AL.

McCRUMMEN vs. STEWART ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

An attorney at law, or agent employed in the collection of money, is a competent witness to testify on behalf of the principal in a suit contesting the fact of payment to such agent by the original debtor.

Where the evidence is contradictory, and the case so equally balanced that a verdict found either way would not be disturbed, the judgement of the court thereon will be affirmed, with costs.

This suit commenced by injunction to stay an execution issued on a judgement obtained by Stewart & Ortley against D. & K. McCrummen, in 1821, for one thousand nine hundred and one dollars with interest. The plaintiff alleges that this judgement has long since been paid, and the amount received by the then attorney of Messrs. Stewart & Ortley.

The defendants pleaded a general denial, and prayed judgement, and the dissolution of the injunction, and damages, &c.

There was a verdict for the defendants, but allowing the plaintiff credit for one thousand dollars, paid on the original judgement, which verdict, after an ineffectual attempt to obtain a new trial, was confirmed by the judgement of the court. This was the second trial. On the first there was judgement for the plaintiff.

There was an attempt by the plaintiff to prove the former existence of receipts in full of the first judgement, and of their subsequent loss, but it failed. The evidence taken on his behalf is vague, contradictory, and none of it proves the fact of full payment.

The defendant produced William Wilson, Esq., attorney of Stewart & Ortley, as a witness, who testified to the payment

of one thousand dollars, but declared that was the only part <span>Western Dis. October, 1832.</span> of the debt that had been paid. His testimony was objected to, on the ground that he was interested in the event of the suit.

Porter, J., delivered the opinion of the court.

An injunction was obtained by the plaintiff on an allegation, that a judgement which the defendants had recovered against a firm, of which the plaintiff was a partner, had been paid. Issue was joined on this allegation, and two trials took place by a jury in the court below; in the first, the verdict sustained the fact of payment, but the court granted a new trial; and in the second, the jury, by their finding, negatived it. From a judgement rendered in conformity thereto, this appeal was taken.

The first question relates to the admissibility of an agent of the plaintiffs in execution, who was permitted to testify as to the amount actually received by him. It is objected he was interested, and was swearing to discharge himself. The competency of agents to give evidence in cases similar to this, has more than once arisen in this court; and we have held under authorities to be found in those countries from which we have taken our rules of evidence, that they were competent. See the case of *Lane* vs. *Depuyster*, 6 *Mar. N. S.* 372, and particularly that of the *United States Bank* vs. *Johnson*, 5 *Mar. N. S.* 310, in which this subject was fully examined.

*An attorney at law or agent employed in the collection of money, is a competent witness to testify on behalf of the principal in a suit, contesting the fact of payment to such agent by the original debtor.*

On the merits, the evidence is contradictory. The agent swears positively, that only the sum of one thousand dollars was paid to him. Two other witnesses testify, they think they once saw a paper signed by the agent, in which it was stated the whole judgement was settled. There are some other circumstances which appear in evidence, tending, though not strongly, to support the defence. Had the jury found differently from what they did, we should not have disturbed their verdict; and the case seems so equally balanced;

*Where the evidence is contradictory, and the case so equally balanced, that a verdict found either way would not be disturbed, the judgement of the court thereon will be affirmed with costs.*

WESTERN DIS.
October, 1832.

that we think the same course must he pursued in relation to that, from which this appeal is taken.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Barry*, for plaintiff.    *Rigg*, for defendant.