Mokphy, J.
delivered the opinion of the court.
*337 A fieri facias issued in this ease, and having been returned “ no property found,” the plaintiff filed a petition, propounding interrogatories to P. A. Hébrard and A. Hébrard, in conformity with the 13th section of the Act of 1839, amending the Code of Practice. All these interrogatories, with the exception of the last one, tended to establish the simulation of certain sales of landed property, and a slave, to the Hébrards. The latter excepted to the same, on the ground that this proceeding on the part of plaintiff, was in its nature and effects a revocatory action, of which the city court could not by law entertain jurisdiction. The exception having been overruled, they answered only to the last interrogatory, declaring under oath that they were not indebted to defendant in any sum of money, or in any way whatever. The judge, considering the silence or refusal of the garnishees to answer the other interrogatories as a confession of the facts therein stated, decreed them to pay the full amount of plaintiff’s demand, with interest and costs. The garnishees appealed.
The exception taken to these interrogatories appears to us well founded. Their manifest object was to set aside a sale of immovable property of considerable value, on the ground of its being simulated, and made in fraud of creditors. Leaving out of view the amount of the property, the city court was by law without jurisdiction of the subject matter thus sought to be brought before it. It cannot take cognizance of civil causes of a real nature. 1 Moreau’s Digest, 345. A revocatory suit, when brought in relation [559] to immovables or slaves, is a real action. If it be maintained, the judgment must be, that the contract be avoided, and the property restored and applied to the claim of the complaining creditor. La. Oode, art. 1972; Oode of Practice, arts. 41, 42. Had the appellants answered the interrogatories, by declaring under oath the sales to be real, and for a bona fide consideration, the plaintiff could not before the city court have exercised his privilege of controverting their answers, and proved simulation and fraud; otherwise that court would be called upon to try incidentally, and without any necessity, an issue which could not by law be directly placed before it. True it is, that when the defence set up in that court in an action on a note or other obligation, is that such obligation was given for real property or slaves, and a rescission of the sale is claimed for any of the reasons provided for by law,, the judge can take cognizance of and determine such defence. This power has been given by an express law, because it was absolutely necessary to enable that court to pronounce judgment in cases coming clearly within its jurisdiction; but here the plaintiff, having obtained his judgment, had other courts of competent jurisdiction open to him to attack any sales made by his debtor. When title in third persons is sought to he divested, recourse, must be had to a direct action of revocation, in which the parties would be entitled to a jury.
The proceeding under the Act of 1839, was intended to get at property in the possession of third persons, belonging to a defendant; but it cannot be used as a substitute for a direct revocatory action, the object of which is to test the validity of titles to property in such third persons. By such a proceeding, the latter cannot he deprived of any means of defence or advan *338 tages they would have in a direct action brought against them. La. Oode, 1965, et seq.; 5 Martin, N. S. p. 361; Barbarin v. Saucier, 2 La. Rep. 214 ; 9 Id. 379.
[560] It is therefore ordered and decreed, that the judgment of the city court he reversed, and that ours he for'the garnishees, with costs in both courts.