**COMSTOCK ET AL. vs. PAIE & SMITH: Bartlette garnishee.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The disclosure of the time of receiving and paying over certain monies by an attorney, who is garnisheed, which he had received on account of his client, cannot be objected to as disclosing professional secrets.

So, where the attorney when cited, as a garnishee, to answer interrogatories, requiring him to state, if he had not received certain money of his client, and if he had and had paid it over, to state when he paid it, and to whom, and he refused to answer, on the ground that it would be disclosing professional confidence: *Held*, that he was bound to answer, and his *refusal* was an *evasion*, making him liable for the whole debt, costs and damages.

This appeal comes up from a judgment obtained by the plaintiffs against the garnishee in this case.

The plaintiffs had recovered a judgment for $728 against Antonio Paie, one of the defendants, as the value of certain flour they had sold to him and Smith, for cash, but which had not been paid, and which was sequestered, and bonded by the defendant, Paie, with Bartlette, the garnishee, as surety.— This judgment was signed the 30th May, 1839. The flour was sold by the sheriff and the proceeds paid over to Bartlette the attorney of Paie and surety on his bond.

On the 19th July, 1839, the plaintiffs filed their petition against Bartlette, praying that he be cited as garnishee, and required to answer on oath the following interrogatories:

1. "Did not the sheriff of New-Orleans pay over to you as the attorney of Paie, the said sum of $728, the proceeds of flour sequestered, as aforesaid ; and did you ever pay it over? Is not the money under your control, or in your possession?

2. "Before you received said money had not Paie left New Orleans, and has he ever since been in this city to your knowledge ? If you have paid it over, state when you paid it, and to whom did you pay it ?"

The garnishee excepted to the legality of the interrogatories; especially the second, and objected to answer, on the ground that the law did not authorize such interrogatories or require a garnishee to answer them.—Further, that he cannot

EASTERN DIS.
*May,* 1841.

COMSTOCK ET AL
*vs.*
PAIE & SMITH.

answer the same without disclosing matters and instructions confided to him in professional confidence. He prayed to be excused from answering.

In answering, the garnishee states, "the sheriff did not *pay* over to him as the attorney of Paie, the said sum of $728, the proceeds of flour sequestered; but the amount he did *receive* from the sheriff in his capacity of attorney for Antonio Paie, being as well as he recollects, $703 69, and no more, which he understood had been left with the sheriff by the aforesaid plaintiffs, as the proceeds of the flour sequestered and sold by them; and which they had been ordered by a decree, rendered by the court, to deliver to defendant, Paie, on bond, was received by me in pursuance of said decree, by virtue of instructions from said Paie, and almost immediately by me paid over and disposed of according to further instructions, I had received thereof concerning, from said defendant, Antonio Paie. The money is not now and was not at the time the above mentioned interrogatories came to my hands, or at any other time since, under my control, or in my possession."

"To the second interrogatory, I object to answer for the reasons set forth in my exceptions thereto."

The plaintiff now took a rule on the garnishee to show cause why judgment *pro confesso* should not be rendered against him, for not answering the interrogatories propounded; and further, that the exception and answer be overruled. After some further proceedings there was a judgment overruling the exceptions: and also, on the rule taking the interrogatories for confessed, under article 263 of the Code of Practice, against the garnishee, for the amount of the plaintiff's entire demand. The garnishee appealed.

*Eggleston,* for the plaintiffs and appellees.

*Bartlette,* in *propria persona* for appellant.

*Martin, J.* delivered the opinion of the court.

This is an attachment case. Judgment was obtained against the defendants for the sum of seven hundred and twenty-eight dollars; and T. A. Bartlette, the garnishee, is appellant from a judgment rendered against him for this amount of defendants' funds in his hands, in pursuance of the 263d article of the Code of Practice which provides that the refusal of a garnishee to answer interrogatories shall be taken as evidence of his having funds sufficient to satisfy the plaintiffs' demand, and judgment shall be given against him for the whole amount thereof.

EASTERN DIS.
*May*, 1841.

COMSTOCK ET AL
*vs.*
PAIE & SMITH.

The garnishee in his answer to the first interrogatory, admitted that he had received a sum of money on account of Paie, one of the defendants, whose attorney he was, but added that he had almost immediately paid it over according to his client's instructions.

The second interrogatory is in these words:—"Before you received said money had not Paie left New-Orleans? and has he ever since been in this city to your knowledge? If you have paid it over; state when you paid it; and to whom did you pay it?"

This interrogatory the garnishee refuses to answer. He contends that the law does not authorize such interrogatories, nor make it incumbent on a garnishee to answer such questions; and that he cannot answer the same without disclosing matters and instructions confided to him in professional confidence.

The garnishee was required to state at what time he paid the money. The plaintiffs wished to ascertain this fact, in order to charge him, if the payment was made after the service of the attachment. The precise time was within his knowledge, necessarily and independently of any communication he might have received from his client. Admitting that there may be something in his objections to any other part of the interrogatory, ingenuity itself cannot suggest any objection to the disclosure of the *time* of paying over this money.

We regret to see a member of the bar seeking to avoid the

The disclosure of the *time* of receiving and paying over certain monies by an attorney who is garnishee, which he had received on account of his client, cannot be objected to as disclosing professional secrets.

So, where the attorney, when cited as a garnishee, to answer interrogatories, requiring him to state, if he had not received certain mony of his client, and if he had, and had paid it over, to state *when* he paid it, and to whom, and he refused to answer, on the ground that it would be disclosing professional confidence: *Held*, that he was bound to answer, and his *refusal* is an *evasion*, making him liable for the whole debt, costs and damages.

61    VOL. XVIII.

payment of a sum of money unjustly withheld by a bare-faced resort to such shameful evasions under the pretence of a scrupulous regard for professional obligations.    Judgment was therefore correctly given against the appellant for the entire amount of the plaintiffs' claim; and they are further entitled to the ten per cent. damages which they claimed as for a frivolous appeal.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs and ten per cent. damages.