## URBAN E. TRAVIS *v.* JOHN M. JANUARY.

It is no objection to a witness that he is interested in a case, when offered to testify against his interest.

An attorney is not admissible as a witness to disclose facts, the knowledge of which he acquired confidentially, in the practice of his profession. But when in possession of papers belonging to his client's adversary, or when called on, after having had them in his possession, to disclose what he has done with them, or to point out where they may be found, the rule does not apply; and he may be as properly called on to produce the papers necessary to establish the rights of the adverse party, if still in his possession, or interrogated as to facts which may lead to their discovery, as his client himself could be. C. P. 140, 473.

APPEAL from the District Court of Carroll, *Bosworth,* J. presiding.*

SIMON, J. The plaintiff sues for the recovery of two tracts of land, which he alleges to be in the possession of the defendant. He avers that he derived his title to the property claimed, by entry and purchase of the United States, made at Ouachita, and prays that the defendant be ejected and put out of possession of the land, and condemned to pay him five hundred dollars a year, from the time of his illegal detention thereof, &c.

The defendant answers by pleading the general issue, and by averring that he is in possession of no land except what he bought

---

* *Tenney,* J. had recused himself.

of Gideon Gibson, by two acts of sale which he annexes to his answer; and he prays that his vendor be called in warranty. For this purpose, a curator *ad hoc* was appointed to represent G. Gibson, who resides in the State of Mississippi, and afterwards an answer was filed by his counsel, stating that Gibson really sold the land sued for to the defendant January, and that all the allegations, showing that said January was possessed of a good title to the land, are true. He further alleges, tha the purchased the land in controversy from Francis Y. and Thomas E. Tomkins, by an act under private signature, which has been misplaced or lost; and prays that his vendors be also called in warranty, and required to answer, under oath, certain interrogatories annexed to his answer, for the purpose of establishing the sale of the land by F. Y. and T. E. Tompkins to him.

F. Y. and T. E. Tompkins admit that they sold the land sued for to Gideon Gibson, by an act under private signature, or bond to make a title; and state that they bought the land in dispute from the plaintiff, Urban E. Travis; that, for the land sued for and another tract, they executed their three promissory notes, each for $3433 33, payable in three instalments; that on the same day, Travis, their vendor, executed to them his bond for $20,600, to make a good title in fee simple to the land in their favor; that they were put in possession of the land by Travis on the day the notes and bond were executed; that, if the said bond for title be in possession of the plaintiff, the same was obtained by him without their consent or knowledge; and that said Travis secretly conceals and retains the said bond for title, so that they cannot get possession thereof. They also allege that they have paid the two first instalments, and a part of the third one; and that having been sued by Travis for the balance, a judgment was obtained by him against them. They pray that Travis be required to produce the bond for title, and that the plaintiff be declared to have no right or title in and to the land by him sued for.

The District Judge having recused himself, this case was tried before the Parish Judge of the parish of Carroll, who gave judgment in favor of the plaintiff; from which judgment the defendant has appealed.

The record contains several bills of exception, two of which we shall now proceed to examine. The first of these bills of exception was taken to the opinion of the judge *a quo*, rejecting the testimony of Matthew B. Sellers, a witness introduced by the defendant. This witness, at the request of the plaintiff, having been sworn on his *voir dire*, stated that he was interested in the result of this case, as he had purchased part of the interest of the plaintiff; and that he would be a loser if the suit should be decided against the plaintiff, and the defendant should succeed in sustaining his defence. The defendant persisted in offering him as a witness, as his interest was against him, and as he was not a party of record in the action. The plaintiff objected to his admissibility, and to his being sworn as a witness for the defendant. This objection was sustained by the court.

We think the judge erred. There is no rule of evidence better settled in our jurisprudence, than that a person interested in a cause, is an objectionable witness only, when offered to prove a fact consistent with his interest; for, if the testimony he is to give be contrary to his interest, he is then the best possible witness that can be called, and no objection can be made to him. 3 Mart. 86. 4 Ib. 472. 6 Ib. 256. 4 Mart. N. S. 172. It is clear that the judge *a quo* ought to have permitted him to be examined, and that his testimony was erroneously rejected.

Before expressing our opinion on the subject of the second bill of exceptions, it is first necessary to notice the facts that gave rise to the motion made by the defendant's counsel in the course of the trial, which motion was overruled by the lower court. It appears that the plaintiff's brother, who was examined as a witness, had once in his possession the document alluded to in the answer of the warrantors, F. Y. and T. E. Tompkins, as being an act under private signature, or bond for title, from the plaintiff to F. Y. and T. E. Tompkins for the land sued for; and that said witness, who acted as the plaintiff's agent, obtained possession of it from F. Y. Tompkins. He states that his object in getting the paper of F. Y. Tompkins was to get the land, and that he was advised to do so; that he does not recollect particularly by whom he was advised to obtain the paper, but presumes he was so advised by his brother,

and, perhaps, by his brother's counsel, &c. He further states that, he does not think he has the paper. He states also, that he does not know what he did with it; but presumes, if he has parted with it, that he gave it to his brother's counsel. This disclosure gave rise immediately to a motion by the defendant's counsel, for a rule on the plaintiff's attorneys to produce in court the act of sale, or bond for title, alluded to in the evidence of the plaintiff's brother, and, in default thereof, to state under oath whether they have had the same in their possession since the institution of this suit, and especially since the beginning of the trial ; or whether the same is now, or has been in the possession of either of them ; and what they have done with it, if they have not the same in their possession. This motion was made on the ground that the document called for is now, and was, when the same was obtained by the plaintiff's brother as the agent of said plaintiff, the property of the defendant ; and was resisted by the plaintiff's counsel, on the ground that they cannot be permitted or bound to disclose confidential communications made to them by their client as counsel. This objection was sustained by the court, which overruled the motion made by the defendant's counsel ; and a bill of exceptions was taken.

With regard to attorneys who may be called on to testify in a cause, the rule has often been recognized by this court, that an attorney at law is not admissible as a witness, where he is called on to disclose facts, the knowledge of which was acquired confidentally in the practice of his profession. 4 Mart. N. S. 362. 6 Ib. 284. But where an attorney is in possession of title papers and documents belonging to his client's adversary, or, is called on, after having had such papers and documents in his possession, to disclose what he has done with them, or to point out where they can be found, we think the rule does not apply ; and that the attorney may be as properly called on to produce the papers and documents necessary to establish the rights of the adverse party, if they be in his possession, or interrogated as to the facts which may lead to a discovery of the place where they can be procured, as his client himself could be under our laws. Code of Pract. arts. 140, 473. In this case, it is clear that the document sought to

be produced did not belong to the plaintiff; that the plaintiff, or his counsel, have no right to keep it in their possession; and that, as a muniment of the defendant's title, keeping it from the rightful owner, contrary to his consent, would amount, to a gross fraud upon him. In vain would it be contended that the paper in question was secretly and confidentially placed in the possession of the counsel by their client; for, if such a proposition were to be for a moment adhered to, it would often be used as a shield under which parties litigant would be enabled to commit the grossest and most flagrant frauds to the prejudice of their adversaries. We must say that a proposition so unreasonable in itself, and so contrary to law, cannot in any manner be countenanced by us, as its absurdity is fully demonstrated by the injurious effect its consequences would have on the legal rights of those who are compelled to seek justice at our hands. *Comstock et al.* v. *Paie and Smith*, 18 La. 479.

We think, therefore, that the judge *a quo* erred, in overruling the motion made by the defendant's counsel, and that the rule applied for should have been granted.

It is, therefore, ordered, that the judgment appealed from be annulled and reversed; that this case be remanded to the lower court for a new trial, with instructions to the judge *a quo* not to reject the testimony of Matthew B. Sellers, and to grant the rule applied for by the defendant's counsel, according to the principles expressed in the foregoing opinion; and that the plaintiff and appellee pay the costs of this appeal.

*Copley*, for the plaintiff.

*T. N. Peirce* and *Dunlap*, for the appellant.