## TIMOTHY SHANGHNESSY *v.* CASPER M. FOGG—A. T. STEELE, Garnishee.

A party having issued an execution against his judgment debtor, may propound interrogatories to a garnishee, where the object of the proceeding is to ascertain whether he has money or other funds in his hands belonging to the debtor; under such circumstances, it is not necessary that the plaintiff should resort to the revocatory action.

Where interrogatories were addressed to an attorney, to ascertain who was his client, when that relationship commenced and ended, and what money had been received, and what paid over, and to whom paid—*Held:* That none of these matters are privileged communications within the meaning of Article 2262 of the Civil Code.

An attorney may be asked through whose agency, or in what manner, or at what time, he was retained.

An attorney should be excused from answering interrogatories, when he declares on oath that he cannot answer the same, without disclosing matters confided to him by his client, or advice given by him to his client concerning business about which he was retained.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*Simonds & Fenner*, for plaintiff and appellant. *A. T. Steele*, for defendant.

MERRICK, C. J. The plaintiff having issued an execution against his judgment debtor, propounded twenty-one interrogatories, under the Act of 1839, to the garnishee, *A. T. Steele, Esq.*, an attorney and counsellor at law, in order to ascertain whether he has funds in his hands belonging to the defendant.

*A. T. Steele* answered the first three, and declined to answer the remaining interrogatories except partially, on the ground that he was called upon to disclose privileged communications received from his clients, and that the facts sought can only be proved in a revocatory action, and not in a proceeding by garnishment.

The garnishee was relieved from answering by the court, and plaintiff appeals.

With the exception of the 19th and 21st interrogatories, the facts sought to be elicited tend to show the date of the party's retainer, who is his client, the sums of money he has received, the persons from whom received, the payments made, and the persons to whom, and the *date* of the correspondence.

The 19th interrogatory calls for letters from *Fogg;* the 20th assumes that he has received one, and requires the garnishee to look for it; and the 21st demands a copy of his letter acknowledging the receipt of the notes, or his letter to *Fogg* in reply.

We are of the opinion, that the questions cannot be objected to on the ground of the form of the proceeding. It is evident, that the object of the proceeding is to ascertain whether the garnishee has money or other funds in his hands belonging to the defendant. We cannot, therefore, perceive any good reason why the party should be compelled to resort to the revocatory action.

It is next contended, that the questions are objectionable because the garnishee is called upon to disclose matters communicated to him, as an attorney-at-law, by his client.

Our law does not differ materially from the common law on the subject. Article 2262 C. C. declares that, " No attorney or counsellor-at-law shall give evidence of anything that has been confided to him by his client, without the consent of such client; but his being employed as a counsellor or attorney does not disqualify him from being a witness in the cause in which he is employed.

It is thus evident that the attorney cannot be permitted to disclose anything that has been confided to him by *his client*. But to bring the matter within the privilege which exempts the communication from disclosure, it must appear who is the client, in order to know whose communications are to be excluded. Again, it must be *something confided* by the client to the attorney.

Now, with the exception of the 19th and 21st interrogatories, the object is simply to ascertain who is the client who entrusted the notes to *Mr. Steele* for collection ; when that relationship commenced and ended, and what money has been received, and what paid over, and to whom paid. None of these matters appear to us to be privileged communications ; and, if an attorney-at-law were not permitted to disclose who was his client, and what sums of money he had received or disbursed on his account, it would give rise to great frauds. If the attorney may be interrogated as to who is his client, he may also be asked through whose agency, or in what manner, and at what time, he was retained. See 1 Greenleaf, Evidence, sec. 245 ; 2 Starkie, on Evidence, 398 ; 6 N. S. 284 ; 4 La., 500 ; 11 Wheaton, 280 ; 3 Rob. 204 ; 3 Rob. 230.

We think the District Judge ought to have compelled the garnishee to answer all the interrogatories, except the 19th, 20th and 21st, and that the garnishee should be excused from answering these, only on answering under oath to each, that he cannot answer the same without disclosing matters confided to him by his client, or advice given by him to his client, concerning the business about which he was retained.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; that the exceptions of the garnishee to the interrogatories be overruled, and that this case be remanded to the lower court for further proceedings according to law ; the garnishee paying the costs of the appeal.

LAND, J., absent.