## Case No. 3,990.

### In re DONOHUE.

[2 Hask. 17.][1]

District Court, D. Maine. Jan., 1876.

ATTORNEY AND CLIENT—BANKRUPTCY—PRIVILEGED COMMUNICATIONS.

An attorney at law is not privileged from disclosing facts relating to his client's cause not confided to him by the client.

[In bankruptcy. In the matter of John O. Donohue.] An attorney at law was sworn and interrogated concerning the disposition he had made of certain property, as attorney for his client, a bankrupt. He invoked the privilege of an attorney, and declined to answer unless compelled. The court directed the witness to answer, and afterwards filed an opinion.

FOX, District Judge. It is a mistake to suppose that an attorney is privileged from answering as to that which comes to his knowledge during his employment as attorney. The privilege only extends to information confided to him by the client. Information derived or obtained from other persons or sources is not privileged. Spenceley v. Schulenburgh, 7 East, 357. The rule does not apply to the discovery of facts within the knowledge of the attorney that were not communicated or confided to him by his client, although he became acquainted with them while engaged in his professional duty in his client's cause. In Coveney v. Tannahill, 1 Hill, 33, it was decided that if an attorney was present at the transaction of business between his client and another, he is not privileged as to what then took place. In Whiting v. Barney, 30 N. Y. 342, Judge Ingraham says: "If he was only the counsel of Barney, then the decisions settle, that the disclosures being made in presence of a third party, they are not privileged."

The answers to the questions put could not disclose any privileged communication. They only require him to disclose his own proceedings in disposing of a stock of goods, and what disposal he has made of the proceeds. His own acts are inquired about, not what his client may have communicated to him. These acts were not strictly in the line of his professional duties as an attorney; but such as any other agent could have performed. In Shanghnessy v. Fogg, 15 La. Ann. 330, the same line of inquiry was made to a witness, and he was required to answer who was his client, when that relation commenced and ended, what money he had received and paid over, and to whom.

Answers to stand.

---

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]