## No. 1178.

### STATE NATIONAL BANK vs. C. J. & J. S. BOATNER.

Garnishment process is a method of seizure and not a bill of discovery, Interrogatories should be confined to matters tending to disclose indebtedness to, or possession, or control of property belonging to the debtor.

Garnishees have the right to except to impertinent questions and to withhold answers thereto until such exception has been ruled on.

When such exceptions have been taken, failure to answer before ruling thereon cannot be ground for judgment *pro confesso.*

When answers to proper interrogatories unequivocally disclose that the garnishees have owed nothing and had no possession or control of any property of the debtor, since the garnishment proceeding, and such answers have not been traversed, garnishees cannot be required to answer other interrogatories touching the disposition and whereabouts of property which may have been in their possession at some time prior to the garnishment. Such inquiries could be proper only under a traverse.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

*John T. Ludeling* for Plaintiff and Appellant.

*Millsops & Sholars* for Defendants and Appellees.

The opinion of the court was delivered by

FENNER, J. Plaintiff having obtained a judgment against L. D. Allen, caused execution to issue and then filed a petition making C. J. & J. S. Boatner, attorneys-at-law, garnishees, and propounded to them the following interrogatories:

"1st. Have you now in your hands or possession or under your control any notes, accounts or other obligations belonging to L. D. Allen, Jr.? If yea, please state explicitly what notes, accounts or other obligations. Describe them fully, giving dates, time when due, amounts and names of obligors.

"2d. Have you in your possession now and have you had under your control or in your possession since the garnishment process was served on you, * * any note or notes, due bills or accounts in favor of or belonging to L. D. Allen, Jr., against the following parties or any of them and calling for the following sums or thereabout?" [Followed by a list of particular obligations.] "*If you have had control or possession of any of said notes and haven't them now, where are they? What has become of them? What did you do with them and when did you part with them? If so, please describe the obligations and give the residences of the debtors.*

"3d.   Are you indebted to L. D. Allen, Jr., in any sum whatever? Have you any moneys in your hands or in your possession or under your control belonging to L. D. Allen, Jr.?   Do you owe him as much as the amount of this judgment?   Have you in your possession property or effects of any description belonging to Allen sufficient to satisfy the judgment, etc."

The garnishees filed answers distinctly negativing any indebtedness to Allen or the possession or control of any notes, bills or other property belonging to Allen, either at time of answering or at any time since service of garnishment process, except that they qualify their negative answer to the last interrogatory by this statement: "I am almost certain that we have a note of Mrs. Grayson for $200, which was sent to us by Mr. Allen for the purpose of settling two small debts due by him.   We cannot give the date or maturity of this note for the reason that we cannot presently find it, and have no memoranda showing it.   I will make search for the note and if we have not returned it, will amend our answer and give the exact dates."   They also qualified their answer to the third interrogatory by the statement: "We have a note of M. J. Liddell for $305, sent us by the Laclede Bank of St. Louis, who claim that they own the same by transfer from L. D. Allen, Jr.   We do not, however, hold the same as the property of L. D. Allen, Jr., nor for his account."

Garnishees, however, filed on the same day with their answers an exception to that portion of the second interrogatory which we have *italicised* above, on the grounds that it is impertinent to the question of their liability as garnishees, and that it calls for disclosure of facts, knowledge of which was acquired in the course of professional employment.   Under this exception, they failed to answer this portion of that interrogatory.

Plaintiff then filed a motion to have a judgment *pro confesso* entered against the garnishees "for the claims and amounts stated in the interrogatories which they have failed to answer."

Obviously this motion presented no issue except as to the *sufficiency* of the answers, which must be decided on the face of the papers. Nevertheless, the judge permitted the introduction of certain evidence over the objection of defendant.   This evidence was immaterial and irrelevant to the issue and should not have been received.   There was no traverse, in any form, of the answers, and the only question was their sufficiency and responsiveness.

Counsel for plaintiff contends that garnishees had no right to *except* to the interrogatories, but were bound to answer or take the conse-

quences of failure in case their excuse therefor should be held not good.

The contrary practice, recognizing the right to except and withhold answer until the exception has been ruled on, has been repeatedly recognized by this court. Maduel vs. Monseur, 28 Ann. 691; Shaughnessy vs. Fogg, 15 Ann. 330; Laville vs. Hebrard, 1 Rob. 435; Samory vs. Hebrard, 17 La. 555.

If his exception were overruled, he would then be ordered, and have opportunity, to answer.

In this case, however, the judge *a quo* sustained the exception, and the plaintiff complains that this is error. Even if it were error, its correction would, in no manner, tend to support the motion of plaintiff to have the interrogatory taken for confessed. The utmost effect would be to order the garnishee to answer; and the plaintiff's motion would, in any event, be denied. We take occasion, however, to say that, considering the unqualified denial in the answers of the garnishees that they had any possession or control of the notes and bills referred to at any time since the garnishment herein, the questions referred to seem utterly irrelevant and impertinent. What difference can it possibly make, as to the effectiveness of this seizure, *where* these bills now are, or *what* was done with them, and *when*, in view of the untraversed answers that they have not been in the possession or under the control of the garnishees at any time since the garnishment herein? The code of practice is very explicit in declaring the purpose for which garnishment is allowed and the object and scope of interrogatories to be propounded.

Thus art. 246 authorizes the citation of a garnishee "to declare on oath what property belonging to defendant he has *in his possession*, or in what sum he is *indebted* to defendant." Art. 247 authorizes interrogatories "as to the nature of the property belonging to the defendant *which may be in his possession*, and as to the amount of the sums for which he may be *indebted*." And the act of 1839 authorizing garnishment under execution now added to C. P. 246, only authorizes interrogatories touching "*indebtedness*" and "*property and effects in the possession or under the control*" of the garnishee. The process of garnishment is a method of seizure and not a bill of discovery. No interrogatories are proper except such as have for their object the disclosure of indebtedness or of property in the possession or under the control of the garnishee and thus seized in his hands. When answers to such

proper interrogatories, not traversed, unequivocally negative such indebtedness, possession or control, the garnishee cannot be required to answer other interrogatories as to property which may once have been in his possession, but which had passed therefrom before the seizure. If the plaintiff wishes to go into such questions, he should first traverse the answers and he may then, under proper *contestatio litis*, show any fact tending to establish the effectiveness of his seizure.

This renders it unnecessary to consider the validity of garnishees' objection based on ground that the knowledge of the facts referred to was acquired in the course of professional employment. The allegation is duly sworn to, and it would be a delicate matter to enforce such disclosures.

We have considered the authorities quoted by plaintiff's counsel (18 La. 479, 20 Ann. 188 and 15 Ann. 330), but they do not, when properly scrutinized, affect our conclusions in this case.

Plaintiff contends, however, that judgment should have been entered for the Grayson and Liddell notes under the special answers in reference to them heretofore quoted. We do not see how this is possible. He might force further disclosures touching the Grayson note, and might traverse the answer touching the Liddell note, but on the face of the answers, as they stand, there is no ground for judgment against the garnishees.

We think, however, the judgment of the court, in ordering the garnishees to be *discharged*, went too far. It may be that the time allowed for traversing the answers has passed, but certainly the plaintiff has notl ost his right to further disclosures as to the Grayson note. At all events, the only question submitted to the court was under the motion of plaintiff to have the interrogatories taken for confessed; and a denial of this motion was the only judgment called for.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from in so far as it discharged the garnishees be annulled, avoided and reversed, and that in lieu thereof there be judgment in favor of garnishees and against plaintiff, denying and refusing the latter's motion for judgment *pro confesso*, plaintiff to pay costs in the lower court and defendant those of this appeal.