## No. 13,168.

First Natchez Bank of Natchez, Mississippi, vs. Hartwigg Moss, Janvier & Moss, Limited, and Mrs. Rosa Rose Moss, Garnishee.

### Syllabus.

1. The fact that a judgment creditor causes garnishment proceedings to issue and interrogatories to be propounded to two different parties on the prayer contained in one single petition, does not take away from the proceedings their character as separate and distinct proceedings. The service of petition and interrogatories upon each garnishee does not bring him into court and make him a party to any proceeding other than his own.
2. The original interrogatories propounded by a judgment creditor under garnishment proceedings to a garnishee are limited to questions concerning the indebtedness of the garnishee to the judgment debtor and to the fact of his holding property or effects of such debtor in his possession ; his relation with third parties can not be enquired into.
The garnishee has sufficient concern personally in the restricting of the enquiry within this limit to entitle him on his own behalf to insist upon this being done.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Boatner & Dodds* for Defendant, Appellee.

---

*Lazarus & Luce* for Plaintiff, Appellant.

---

The opinion of the court was delivered by

Nicholls, C. J. The plaintiff alleged that it was the owner of a judgment rendered by the District Court for the parish of Tensas, on the 20th of June, 1890, for the sum of seventy-three hundred dollars, and interest, against Charles Moss & Co., and the individual members, Charles Moss and Hartwigg Moss.

That under said judgment it had caused to be issued a *fi. fa.* against said defendants, including Hartwigg Moss, for the amount of said

judgment, which writ had been placed and was then in the hands of the civil sheriff of the parish of Orleans.

That it had good reasons to believe that Janvier & Moss, a limited corporation, and Mrs. Rosa Rose Moss, had in their possession, or under their control, property, or effects, belonging to one of the defendants, Hartwigg Moss, or were indebted to said Hartwigg Moss, and that it was necessary to make Janvier & Moss, and Mrs. Rosa. Rose Moss, parties garnishee.

Plaintiff annexed interrogatories to be addressed to the garnishees.

They prayed that the parties be cited to appear and to answer the petition; that they be made garnishees and ordered to answer under oath the accompanying interrogatories, and, after due and legal proceedings had, they be condemned to pay the amount of said judgment.

The garnishees were ordered to answer as prayed for.

The same interrogatories were asked of each of the garnishees, and they were as follows:

First.—Had you in your hands, or under your control, at the time of the service of these interrogatories, or at any time since, moneys, rights, credits, or other property whatever, belonging or due to the said defendant in writ, or to his wife, Rosa Rose Moss, or in which he or she has or had any interest for the whole or for a part, and if yes, what is the nature, description and amount thereof, and is the same sufficient to pay, or to satisfy, the full amount of said writ, or, if less, to what amount? You being asked and required to make a full disclosure in relation to the same.

Second.—Were you not at the time of service upon you of these interrogatories, or since, directly or indirectly indebted or obligated unto the said defendant in writ, or his said wife, for anything, or for any sum, whatever, whether for your self alone or together with others, in consequence of any sale, or exchange, or transaction, of any kind whatever, whether the same be due or to become due, and whether the interests of said defendant in writ, or his said wife, be direct or indirect, or be for the whole or a part only, or whether it be by bill, note, or otherwise, and, if yea, what is the nature, description. and amount thereof, and is the same sufficient to pay, or satisfy, the full amount of said writ and costs, or, if less, what amount? You being asked and required to make a full and detailed disclosure in relation to the same.

Third.—Have you, at any time since the service of notice of seizure in your hands, herein made, directly or indirectly, unto or with the said defendant in writ, or his said wife, any payment or novation or compromise, or arrangement, or given him or her any note or written obligation, or received from him or her directly, or indirectly, any receipt or acquittance? And, if yea, state the nature, description, and amount thereof, and the time, place, and circumstances of the same.

Janvier and Moss filed the following exceptions:

Janvier and Moss, Limited, made parties hereto as garnishees, except to the interrogatories propounded to the plaintiff in so far as said interrogatories relate to the affairs and property of Mrs. Rosa Rose Moss, and inquire as to the property of said Mrs. Rosa Rose Moss, held by this company, and its indebtedness to her, on the ground that the plaintiff is not a judgment creditor of said Mrs. Rosa Rose Moss; that it has obtained no execution or seizure against her property and can not, under garnishment proceeding directed against H. Moss, require this garnishee to disclose its relations with any other person than the debtor and defendant in such garnishment process.

In view of the premises, they prayed that said interrogatories, so far as they relate to the property and indebtedness of the said Mrs. Rosa Rose Moss, be stricken out and this exceptor relieved from answering same.

Janvier and Moss, however, filed on the 18th January, 1899, answers as follows:

"Answering, subject to the exceptions, to the interrogatories herein filed, Janvier and Moss make answers to the interrogatories propounded as follows: To the first interrogatory, they answer—The defendant Company did not have in its hands, or under its control, directly or indirectly, at the time of the service of these interrogatories, or at any time since, any money, rights, credits, or property, belonging to the defendant, H. Moss, except that the defendant, H. Moss, is the owner of one share of the defendant company's stock of the par value of one hundred dollars, which the company was notified prior to the service of garnishment in this case, is held in pledge by a creditor of the said Moss.

To the second interrogatory, they answered—Janvier & Moss. Limited, were not, at the time of the service of these interrogatories, or since, indebted to the defendant, H. Moss, in any manner whatsoever.

To the third interrogatory, they answered—No, we have not made' any payment, novation, or compromise, or arrangement, with the said H. Moss, or given him any note or written obligation, or received from him, directly or indirectly, any receipt or acquittance.

On the same day (January 18, 1899), Mrs. Rosa Rose Moss answered all the interrogatories propounded to her in the negative.

On the 2nd of February, 1899, plaintiff filed the following traverse:

"Now comes. plaintiff herein and traverses generally and specially all the answers of garnishees herein, and alleges generally that all the answers of the garnishee, Janvier & Moss, Limited, are untrue.

Traversing the answer of said Janvier and Moss, Limited, to the first interrogatory, specially, plaintiff avers that said Janvier & Moss, Limited, had in their hands, or under their control, directly or indirectly, at the time of service of these interrogatories, and since, seventy-three shares of the capital stock of Janvier and Moss, Limited, and all accumulations, dividends and earnings, arising or resulting therefrom, directly or indirectly, as well as moneys, credits and obligations in its hands, or under its control, or upon the books to the credit. of, or in the name, of Mrs. Rosa Rose Moss (or Mrs. Hartwigg Moss); that said seventy-three shares of stock, with all the earnings, accumulations and dividends thereon, and all property or money standing in the name of Mrs. Rosa Rose Moss, or Mrs. Hartwigg Moss, are the property of Hartwigg Moss, acquired by his services or industry, and with his money, means and earnings, and are not the property of said Mrs. Rosa Rose Moss, were not acquired with her means and funds, and are liable to the seizure and garnishment herein; and plaintiff specially denies that the share of stock standing in the name of Hartwigg Moss was pledged prior to the service of the garnishment herein, or that said company received notice thereof.

To the answers of said Janvier and Moss to the second interrogatory, plaintiff repeats and makes the same special traverse as to its answer to the first interrogatory.

Plaintiff specially traverses the answer of said Janvier and Moss, Limited, to the third interrogatory, and alleges that any settlement, payment, novation, compromise, or arrangement, made by it since the service of the interrogatories herein, is null and void.

Wherefore plaintiff prays that this traverse be filed and sustained; that. said Janvier and Moss, Limited, be given notice thereof; that on the trial of this traverse, plaintiff have and recover judgment against

said Janvier and Moss, Limited, in the sum of $7350, with legal interest, as stated in the petition herein, and all costs, the said judgment decreeing all the property, assets, moneys and effects standing in the name of Mrs. Rosa Rose Moss, or Mrs. Hartwigg Moss, in the hands, or on the books, or under the control of said Janvier and Moss, Limited, to be the property of Hartwigg Moss and subject to petitioner's judgment, garnishment and *fieri facias* and seizure herein, and ordering the same to be delivered to the civil sheriff, to be sold to pay and satisfy the judgment and writ herein proceeded upon, with recognition of the lien and privilege of plaintiff arising from the seizure and garnishment, and for all costs and full and general relief."

On the same day the plaintiff filed substantially the same traverse to the answers made by Mrs. Rosa Rose Moss, as follows:

"Traversing the answer of Mrs. Rosa Rose Moss to the first interrogatory specially, plaintiff avers that she had in her hands, or under her control, directly or indirectly, at the time of service of interrogatories herein, and since, moneys, rights and credits, or other property, belonging, or due, to the defendant, Hartwigg Moss; that she has, or had, in her hands, or under her control specially, seventy-three shares of the capital stock of Janvier and Moss, Limited, belonging to said Hartwigg Moss, and likewise all dividends, accumulations and earnings arising, flowing or resulting from said seventy-three shares of stock, and all credits, assets, moneys, or funds whatsoever in the hands of Janvier and Moss, Limited, or on their books in the name of said Mrs. Rosa Rose Moss; that she has other property, moneys, rights, or credits, in her possession, or under her control, belonging to said Hartwigg Moss; that any claim or ownership, or right, that she asserts thereto is a simulation; that said seventy-three shares of stock and all accumulations or dividends thereon, and all moneys and assets of said Hartwigg Moss held in her hands, or control, were acquired with the earnings and by the industry and services of said Hartwigg Moss, and not with any means or funds of said Mrs. Moss, and that all of the same are the property of said Hartwigg Moss.

To the answers of Mrs. Rosa Rose Moss to the second interrogatory plaintiff repeats and makes the same special traverse as to her answer to the first interrogatory.

Plaintiff specially traverses the answer of said Mrs. Rosa Rose Moss to the third interrogatory, and alleges that any settlement, pay-

ment, novation, compromise, or arrangement, made by her since the service of the interrogatories herein, is null and void.

Wherefore plaintiff prays that this traverse be filed and sustained; that said Mrs. Rosa Rose Moss be given notice hereof; that on the trial of this traverse, plaintiff have and recover judgment against said Mrs. Rosa Rose Moss, wife of Hartwigg Moss, in the sum of $7350, with judgment decreeing all the property, assets, moneys, and effects standing in the name of said Mrs. Rosa Rose Moss, to be the property of Hartwigg Moss, and subject to petitioner's judgment, garnishment and *fieri facias* and seizure herein, and ordering the same to be delivered to the civil sheriff, to be sold to pay and satisfy the judgment and writ herein proceeded upon with recognition of the lien and privileges of plaintiff arising from the seizure and garnishment, and for all costs and for full and general relief."

The plaintiff, with leave of court, amended its original traverse to the answers of the garnishee, Janvier & Moss, Limited, as follows:

"Plaintiff, by amendment, traversing the answer of said garnishee to the first interrogatory, would specially aver that the said Hartwigg Moss, at the time of his acquisition of said seventy-three shares of the capital stock of Janvier & Moss, Limited, standing in his wife's name, was insolvent and to the knowledge of said garnishee, and that plaintiff was, at that time, a creditor of said Hartwigg Moss; that there is no other property out of which plaintiff can make its debt.

"Plaintiff repeats this traverse to the answer of said garnishee to the second interrogatory, and generally, and reiterates all the averments of its original traverse.

"Wherefore plaintiff prays that this amendment be allowed and filed, and as in its original traverse, and for costs and general relief."

Plaintiff at the same time, with leave of court, amended its original traverse to the answers of the garnishee, Mrs. Rosa Rose Moss, as follows:

"Plaintiff, by amendment, traversing the answer of said garnishee to the first interrogatory, would specially aver that the said Hartwigg Moss, at the time of his acquisition of said seventy-three shares of the capital stock of Janvier & Moss, Limited, standing in his wife's name, was insolvent and to the knowledge of said garnishee, and that plaintiff was, at that time, a creditor of said Hartwigg Moss; that there is no other property out of which plaintiffs can make their judgment.

"Plaintiff repeats this traverse to the answer of said garnishee to the second interrogatory, and generally, and reiterates all the averments of its original traverse.

"Wherefore plaintiff prays that this amendment be allowed and filed, and, as in its original traverse, for costs and general relief."

Mrs. Rosa Rose Moss excepted to the traverse of her answers as garnishee herein filed; excepted to the amended traverse heretofore filed, on the ground that the same issues ought to be raised by the said traverse, and by the said amended traverse, is now pending in this Honorable Court in suit No. 58,283, in which plaintiff herein has brought suit against this defendant, alleging that her title to the stock of Janvier & Moss, Limited, is fraudulent and void, and that the same is, in reality, the property of her husband, Hartwigg Moss.

She showed that she could not be required to litigate the same cause of action in two causes at the same time, and that the aforesaid suit, numbered and entitled as above, was pending in your Honorable Court at the time of the filing of the said traverse, and amended traverse, and she, therefore, pleaded said cause, No. 58,283, as *lis pendens*, against the issue sought to be raised in the present action, which she averred must be confined to the truth, or falsity, of this garnishee's answer to the interrogatories.

She prayed that the said traverse, and amended traverse, be stricken from the record.

On the 30th of June, 1899, the court decreed (as would appear from the transcript) that the exception of Janvier & Moss, Limited, to the answering, by *Mrs. Rosa Rose Moss,* of the interrogatories propounded *to her,* in so far as said interrogatories relate to the property and indebtedness of said Mrs. Rosa Rose Moss, be sustained, and said exceptions are maintained.

There was obviously either an error in this decree, or in the copying of the decree, for it is evident from the whole proceedings, and from plaintiff's application for an appeal, that the court's judgment (as stated in said application) was that Janvier & Moss' exception be sustained so as "to hold that they (Janvier & Moss) do not have to answer the interrogatories in said garnishment as to what property, effects, moneys, or assets, they might have in their hands, or under their control, belonging to said Mrs. Rosa Rose Moss."

The transcript ends with this decree, from which decree plaintiff appealed.

## OPINION.

The plaintiff having obtained judgment against Charles Moss & Co., and Charles Moss and Hartwig Moss, the individual members of the corporation, caused a *fi. fa.* to issue in execution thereof, and caused Janvier & Moss, Limited, and Mrs. Rosa Rose Moss (wife of Hartwigg Moss), to be garnisheed.

Interrogatories were propounded to the garnishees.

Mrs. Rosa Rose Moss answered the interogatories propounded to her in the negative. Plaintiff traversed her answers and, in and by the traverse, sought to raise an issue as to the ownership of seventy-three shares of the stock of Janvier & Moss, Limited, standing in her name, urging that the title in her name was a simulation, the stock really belonging to Hartwigg Moss, her husband.

Mrs. Rosa Rose Moss met this traverse by an exception of *lis pendens,* alleging the existence of a direct action by the plaintiff against her in the Civil District Court on that same issue.

This exception, and, of course, the traverse itself, has not yet been disposed of.

In the interrogatories propounded to Janvier & Moss, Limited, they were interrogated not only as to whether they were indebted to Hartwigg Moss, the judgment debtor, or had property and effects of his in their possession, and under their control, but whether they were indebted to Mrs. Rosa Rose Moss, or had property of hers in their possession, or under their control.

They answered the questions touching the fact of their being indebted to Hartwigg Moss, or having property of his in their possession, or under their control, but excepted to the right of plaintiff to propound interrogatories to them touching the situation as between themselves and Mrs. Rosa Rose Moss.

Before the exception was disposed of, plaintiff traversed the answers of Janvier & Moss and, in and by the traverse, sought to raise an issue between itself and the former as to the ownership of seventy-three shares of their stock standing in the name of Mrs. Rosa Rose Moss.

That traverse has not yet gone to trial, and what the rights of the parties may be under it is not before us.

The District Court sustained Janvier & Moss' exception to plaintiff's right to propound interrogatories to them as to any indebtedness

they might be under to Mrs. Rosa Rose Moss, or as to having property or effects of hers in their possession, and from this judgment the plaintiff appealed.

It will be seen that the issue before us is a very narrow one. We are not called on to say whether, when Janvier & Moss answered that they had no property of Hartwigg Moss in their possession, the plaintiff was authorized and entitled to raise, by traverse of those answers, an issue between itself and Janvier & Moss as to whether the seventy-three shares of their stock, standing in the name of Mrs. Rosa Rose Moss, belonged to her or to her husband.

That question will arise when the traverse made by the plaintiff to the answers, as actually made, is brought to trial.

All that we are concerned with now is whether the District Court erred in relieving Janvier & Moss from answering, as garnishees, the interrogatories propounded to them as to their having in their possession property of Mrs. Moss.

It is not now a question whether Janvier & Moss could, on the traverse, either of their own answers as garnishees as made in reference to their relations with Hartwigg Moss, or upon the traverse of the answers made by Mrs. Hartwigg Moss, as garnishee, be brought to the stand *as witnesses* and *made to testify* on an issue attempted to be raised as to the simulation of the title to Mrs. Moss of the seventy-three shares of stock standing in the name of the latter.

It has been held that a judgment creditor can not, when a garnishee has answered negatively to having in his possession property of the judgment debtor, be permitted, by traverse to the answer, to raise an issue with the garnishee as to the ownership of property in his possession, the title of which is in the name of some person other than the judgment debtor. Ivens vs. Ivens, 30 Ann., 249; 27 Ann., 455; 51 Ann., 1303.

If this be true, it is more obviously true that the original interrogatories propounded to a garnishee could not be directed to the ascertainment of whether the party sought to be made garnishee does not hold in his possession property standing in the name of some person other than the judgment debtor.

Plaintiff argues his case as if the garnishment proceeding in the matter of Janvier & Moss is identical with that of Mrs. Rosa Rose Moss, and that they constitute one and the same proceeding; Janvier & Moss, and Mrs. Rosa Rose Moss, being each a party to both pro-

ceedings and, in his brief, he says: "Under the exceptions, the issue is whether under the garnishment proceedings directed against property and assets in the possession of Janvier & Moss, belonging to Mrs. Rosa Rose Moss, they can except to make any disclosure when Mrs. Moss herself files answer to the interrogatories making no objection, nor objection to the proceedings against her."

"By the interrogatories, the answers of Mrs. Moss, and the traverse, the issue is tendered the court as to whether the property standing in the name of the wife is not that of the husband, any alleged claim which she has being simulated. Mrs. Moss tenders no exception nor objection. She has answered the interrogatories. She has tendered to the court the issue and decision on that issue is called for. She having tendered no exception on her own behalf, can Janvier & Moss, Limited, who filed answers as far as Hartwigg Moss is concerned, tender an exception which is in the interest, or on behalf, of Mrs. Moss? We think not. Under the authorities it is well settled that the garnishee is a stakeholder, and can not champion the rights of either party. Bank vs. Pauser, 40 Ann., 796-798; Hazard vs. Agricultural Bank, 11 Rob., 336; Kimball vs. Bank, 14 La., 511-514; Frazier vs. Wilcox, 4 Rob., 518-528."

He also says: "On account of Mrs. Moss having control of and setting up a claim to this property in the hands of the corporation, it was necessary to make her a party. On account of Janvier & Moss having possession of the property, it was necessary to make them a party. Mrs. Moss sets up a claim of title to the property. Janvier & Moss, Limited, set up no claim of title on their behalf, or that of any one else, except Moss."

"The issue as to whether this is the property of Hartwigg Moss, or of Mrs. Moss, is tendered by the answers of the latter even, if the exception of the corporation was sustained. It was necessary, however, to make Janvier & Moss, Limited, a party on account of its having actual physical possession of the property, so that we would have the property, or those in actual custody of it, to respond to whatever judgment we may obtain."

There are inaccuracies both of law and fact in these statements. The two garnishment proceedings, though originally in one petition, are separate and distinct. The citation upon Janvier & Moss, Limited, brought them into court in their own garnishment proceeding, but not into the garnishment proceeding against Mrs. Rosa Rose

Moss, and the citation upon Mrs. Rosa .Rose Moss brought her into her own garnishment proceedings, but not into that of Janvier & Moss, Limited.

Neither is a party to any other proceeding than their own.

Mrs. Moss has not, in her own proceeding, waived any of her rights or tendered in her answers any issue of the ownership of the stock standing in her name.

It is the plaintiff who has tendered that issue, by its traverse in her case, which issue she has resisted by an exception of *lis pendens,* which is still undisposed of. The traverse itself in that proceeding has not been tried, and when brought to trial it is fair to assume that Mrs. Moss will deny the right of the plaintiff in proceedings in garnishment directed against her to attack her title to the shares of stock standing in her name.

Plaintiff is in error in supposing that Janvier & Moss, Limited, have filed their exception in the interest of Mrs. Rosa Moss, or that they have set up in any way the title of Mrs. Moss to any property in their possession.

They have simply denied, in their own interest, the right of any judgment creditor, in garnishment proceedings, to propound original interrogatories to a garnishee except as to property in their possession belonging to the judgment debtor. It is obvious that such a claim, if permitted, would so seriously interfere with the business of parties that they are legally interested in their own behalf to contest it. The extent of the issues which plaintiff could legally raise upon its traverse to the answers of Janvier & Moss, Limited, *as made,* is something other and very different from the question as to what *original interrogatories* it was authorized to propound to them.

The issue which is presented to us on this appeal, and which we are called on to decide, is not the one which appellant argues.

We are of the opinion that the judgment of the District Court, appealed from, is correct, and it is hereby affirmed.