### SECURITIES FINANCE CO., Inc., v. PHIPP.

### No. 1393.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1934.

W. A. Benton, of Baton Rouge, for appellant.

T. M. Milling, A. M. Curtis, and F. L. Hargrove, all of New Orleans, for appellee.

MOUTON, Judge.

Plaintiff company on a judgment for $163.-81 obtained against defendant, Phipp, made the Standard Oil Company of Louisiana a garnishee under the usual allegations in such cases.

The petition of the plaintiff was accompanied by three interrogatories which were negatived by the answer of the Standard Oil Company.

A rule to traverse the answers of the garnishee to these three interrogatories was dismissed on motion of plaintiff company.

A supplemental petition was then filed by plaintiff accompanied by six interrogatories, instead of three originally propounded, and which the court ordered the Standard Oil Company of Louisiana, garnishee, to answer; and which were answered by the garnishee on June 11, 1934.

Thereafter, on June 12, 1934, plaintiff company filed another supplemental petition accompanied by seven interrogatories, instead of six filed in the prior supplemental petition.

Garnishee filed exceptions to this last supplemental petition and interrogatories, which were maintained by the court, resulting in the dismissal of the supplemental petition and interrogatories.

Plaintiff company appeals.

In the case of State National Bank v. C. J. & J. S. Boatner, 39 La. Ann. page 845, 2 So. 589, 591, body of decision, the court said:

"The process of garnishment is a method of seizure, and not a bill of discovery. No interrogatories are proper except such as have for their object the disclosure of indebtedness, or of property in the possession or under the control of the garnishee, and thus seized in his hands."

In the case of First Natchez Bank of Natchez, Mississippi, v. Moss et al., 52 La. Ann. 170, 26 So. 828, we find the same ruling, with the additional statement that the relationship of the garnishee "with third parties cannot be inquired into."

In such cases, when the proper interrogatories relative to the indebtedness of the garnishee or of property in his possession or under his control have been unequivocally negatived by the answers of the garnishee, he cannot be required to answer other interrogatories. If, as the court said, in State Nat. Bank v. Boatner, 39 La. Ann. 846, 2 So. 589, "the plaintiff wishes to go into such questions, he should first traverse the answers, and he may then, under proper contestatio litis, show any fact tending to establish the effectiveness of his seizure."

The garnishee entered an unequivocal denial to the proper interrogatories addressed to it in reference to its indebtedness to Phipp, or having any property in its possession or under its control, as above outlined.

The third interrogatory was as follows:

"Have you at any time since the service of notice of seizure in your hands herein made, directly or indirectly, unto or with the said defendant in writ any payment or novation or compromise or arrangement or given him any note or written obligation, or received from him, directly or indirectly, any receipt or acquittance? and, if yes, state the nature, description and amount thereof, and the time, place and circumstance of the case."

After denying this interrogatoy, the garnishee adds the following:

"Respondent avers that on May 31st, 1934, it mailed to the said H. W. Phipp a check for $85.54, representing an annuity payment for the account and on behalf of the Standard Oil Company (N. J.), Trustee of the Annuity fund of the Standard Oil Company fund (N. J.). Respondent specifically avers that it was under no obligation whatever to the said H. W. Phipp to mail the said check to him, and further avers that it did so purely as a matter of convenience to the party for account and on whose behalf the same was sent."

This annuity payment by check, referred to in the answer of garnishee to that interrogatory, discloses its relationship with the Standard Oil Company of New Jersey, a third party, and which according to the ruling in First Natchez Bank v. Moss, 52 La. Ann. 170, 26 So. 828, above cited, could not be inquired into in these proceedings—and, besides, the answer shows it was handled as a

mere matter of convenience and by which garnishee incurred no obligation towards Phipp.

Interrogatory 5 which was in reference to the employment of Phipp to garnishee will be passed over without comment, as the answer is that he was not then one of its employees, as he had fulfilled the age and service of retirement.

In answer to the fifth interrogatory, garnishee says, as a result of Phipp having fulfilled the requirements for retirement, that he became the holder or beneficiary of an annuity fund or policy "but specifically denies that such fund or policy is in its hands, or under its control."

The sixth interrogatory is unequivocally denied.

If plaintiff company desired to show that the check for $85.54, above referred to, constituted an indebtedness or obligation of the garnishee, or that the "annuity fund or policy" mentioned in the answer to interrogatory 5 was in the custody or control of garnishee, it should have proceeded by rule to traverse the answers of the garnishee to these interrogatories so as to establish the "effectiveness of its seizure."

Instead of so proceeding, plaintiff company filed another supplemental petition accompanied, this time with seven interrogatories, instead of six. Exceptions were interposed by the garnishee to these seven additional interrogatories which were dismissed by the district judge.

Counsel for plaintiff company seems to rely largely on the case of Ober v. William Matthews, 24 La. Ann. 90, in support of its contention that these additional interrogatories could be propounded to the garnishee without "formalities of traversing the answers" to the other interrogatories.

This is the ruling of the court in Ober v. Matthews, 24 La. Ann. 90, as appears in the syllabus of the decision in that case. It will be observed that the court said in the course of its opinion, therein, that the Southern Bank, the garnishee, "had inadvertently fallen into an error, * * * and wishing to give the bank an opportunity to correct the error, rather than to formally traverse the answers (reserving, however, the right to do so should it become necessary), and they propounded additional interrogatories to said bank"; and it was also said by the court, in that opinion: "And we can conceive of no good reason why the inaccuracies and errors in the answers of the garnishee may not be shown by additional interrogatories put to himself, as well as by the testimony of other witnesses or by written evidence."

Here, there is presented no complaint in the additional seven interrogatories of any inaccuracies or errors in the answers of the Standard Oil Company, garnishee in this case, that could be corrected, as was suggested in the case, above cited, where it will also be noted that plaintiff in that case made reservation to their right of formally traversing the answers of the garnishee.

The case in Ober v. Matthews, 24 La. Ann. 90, presents features different from the other cases on this subject where our courts have uniformly held that where the answers of the garnishee unequivocally negative the interrogatories propounded to it, as hereinabove explained, plaintiff must resort to a rule to traverse the answers of the garnishee.

In this case, it will be noticed that a rule was taken to traverse the answers to the first interrogatories, but was subsequently dismissed by plaintiff company; that a supplemental petition was then filed with accompanying additional interrogatories; and that instead of taking a rule to traverse the answers to these supplemental interrogatories, additional interrogatories, increased by one, were again propounded by plaintiff company which were met by successful exceptions of the garnishee, on the ground that they were impertinent and were not supported by a cause or right of action.

If these exceptions had not been filed, plaintiff company, on some ground or other, might have again asked that supplemental interrogatories for the third time should have been permitted. If such proceedings are permissible, where would be the stopping point to the filing of additional supplemental interrogatories?

The rule of practice does not permit such proceedings in cases against garnishees, whose answers, when they negative liability, must be disproved or traversed, as stated in the decision to which we have referred, and in others not necessary to cite herein.

Counsel for plaintiff company refers to section 2145, Dart's General Statutes, where it says plaintiff has twenty days to file a rule or institute other proceedings against the garnishee for the purpose of traversing his answer; and further says, in his brief, "The supplemental interrogatories should at least be held to be or other proceedings," words reproduced from these General Statutes.

In Act No. 27 of 1877 (Ex. Sess.) p. 45, plaintiff was given twenty judicial days to disprove or to traverse the answer of a garnishee by rule or by the institution of "other proceedings."

This act was amended by Act No. 73 of 1884, p. 95, giving the plaintiff twenty clear days to file his rule. In this act, as in the preceding one, this right given plaintiff to "institute other proceedings," the statutes say, for "the purpose aforesaid," that is, to "disprove or traverse" the answers of the garnishee. The twenty days' limitation applies equally to the right of plaintiff to institute "other proceedings" for the purpose of disproving or traversing the answers of the garnishee.

Such being the legal situation, we cannot extend the limit of twenty days fixed in Act No. 73 of 1884, to allow plaintiff to traverse the answers of the garnishee, as requested by counsel for plaintiff company.

The judgment below maintaining the exceptions filed by the garnishee is correct, and hereby affirmed, with costs.