## RAYVILLE FRUIT CO., Inc., v. HARPER (YAZOO & M. V. R. CO., Garnishee).

### No. 6242.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 13, 1941.

Thompson & Thompson, of Monroe, for appellant.

W. D. Cotton and George W. Bolton, Jr., both of Rayville, for appellee.

DREW, Judge.

Plaintiff brings this action against E. S. Harper, a non-resident, to recover damages sustained on the shipment of a carload of Irish potatoes caused by the decay, spoilage and rottenness of the potatoes. It sued out a writ of attachment and under said attachment writs of garnishment were sued out against the Richland State Bank and the Yazoo & Mississippi Valley Railroad Company. A curator ad hoc was appointed to represent the non-resident defendant. No funds were found at the Bank but the Y. & M. V. Company answered admitting that it held in its possession funds aggregating $426 belonging to the defendant E. S. Harper.

The case was regularly fixed for trial and trial had contradictorily with the curator ad hoc and the garnishee.

Plaintiff proved that the car of potatoes arrived in a decayed and spoiled condition; that defendant Harper authorized the reconditioning of the potatoes and promised to make adjustment when reconditioning was completed. The exact amount of the spoiled potatoes was proved, as was their value, and the lower court rendered judgment in favor of the plaintiff for the amount of the spoiled potatoes.

Garnishee, Yazoo & Mississippi Valley R. R. Company, held the funds due to the fact that they required that plaintiff put this amount in their hands for their protection, in the absence of securing a bill of lading. It is also without dispute that the $426 represented the full amount called for by the bill of lading, plus 25% additional which the railroad regulations required their agent to obtain in such cases.

These facts are absolutely undisputed, and after trial, judgment was rendered in favor of plaintiff and against the defendant, E. S. Harper, for the full amount sued for, with recognition of the writ of attachment and garnishment, and ordering the garnishee to pay plaintiff the full amount of its judgment and costs of court out of the said funds.

Defendant Harper has not appealed and judgment is now final as to him. This appeal was asked for and obtained by the Yazoo & Mississippi Valley R. R. Company, garnishee.

In this court plaintiff and appellee has filed a motion to dismiss the appeal on the alleged grounds that the only appellant, the garnishee, is a mere stakeholder and has no interest in the outcome of this litigation, except to obey the lawful orders of the court which might be rendered against it; that it can have no pecuniary interest nor can it ever suffer any loss by reason of any judgment rendered against it; that the said garnishee is without right or interest in the premises to maintain this appeal and accordingly it should be dismissed.

The motion to dismiss is well founded. Germania Sav. Bank v. Peuser, 40 La.Ann. 796, 5 So. 75; First Natchez Bank v. Moss, 52 La.Ann. 170, 26 So. 828; 4

 

Corpus Juris Secundum, Appeal and Error, § 190; Code of Practice, Article 571.

It therefore follows that the appeal taken herein by the garnishee is dismissed.